```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
BEAVER CREEK REALTY CORP.                     :    Case no. 10-23784 (RDD)
133 WEST 145th REALTY CORP.                   :    Case no. 10-23786 (RDD)
304 WEST 147th REALTY CORP.                   :    Case no. 10-23787 (RDD)
SOL VISTA REALTY CORP.                        :    Case no. 10-23788 (RDD)
                                              :
                                              :    Tax ID No. 20-0498347
         Debtors.                             :
                                              :    JOINTLY ADMINISTERED
---------------------------------------------------------------x
```

**CONDITIONAL ORDER GRANTING MOTION OF CRP UPTOWN PORTFOLIO, LLC FOR STAY RELIEF (DOC. 59) AS TO DEBTOR BEAVER CREEK REALTY CORPORATION**

Upon the *Motion of CRP Uptown Portfolio, LLC* ("**CRP**") *for an Order, as to Certain Debtors, Granting Relief from the Automatic Stay to Proceed with State Court Foreclosures and Receiverships* (Doc. 59)(the "**Motion**"); and there being due and sufficient notice of the Motion; and upon the jointly administered debtors' response to the Motion; and upon the record of the June 15, 2011 hearing thereon; and based upon the representations of counsel in their briefs and at the hearing, with respect to jointly administered debtor and debtor in possession Beaver Creek Realty Corporation ("**Debtor**"), the Court finds as follows:

    1.    The Court has jurisdiction to hear and render a decision on the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding.

    2.    Venue is appropriate pursuant to 28 U.S.C. § 1408.

    3.    Debtor filed its case on August 27, 2010 (the "**Petition Date**") under Chapter 11 of the Bankruptcy Code and has designated its case as a single asset real estate case pursuant to 11 U.S.C. § 101(51B).

4. Debtor is the fee simple owner of a certain multi-family residential apartment complex located at 518 West 136th Street, New York, New York (the "**Property**") subject to the valid first-priority mortgage interest of CRP.

5. To date, Debtor has managed its affairs as a debtor-in-possession, and Debtor has not filed a plan of reorganization.

6. There is good cause to grant the Motion upon the conditions set forth herein. Accordingly, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is GRANTED in part and upon the conditions more fully set forth below.

2. Debtor shall perform the following (the "**Conditions**"):

   a. remit payment of adequate protection due for June by paying to CRP the sum of $7,404.69 in good funds no later than June 27, 2011 at 5:00 p.m.;

   b. timely remit to CRP and remain fully current on all future adequate protection installments in the amount of $7,404.69, due on the 27th day of each month beginning July 27, 2011;

   c. no later than June 24, 2011 at 5:00 p.m. cure all post-petition arrearage for real estate taxes, including any interest and penalties that may have accrued or enter into a written payment agreement with the taxing authority, and submit to CRP written proof that such payment or agreement has been made;

   d. timely remit and remain fully current on all future real estate taxes that become due during the course of these proceedings;

   e. provide CRP or its designee, updated rent rolls and tenant arrearages no later than June 20, 2011 at 5:00 p.m;

    f.  provide a full list of tenants in legal and a full list of security deposits itemized by tenant as soon as practicable but no later than June 24, 2011 at 5:00 p.m.;

    g.  provide CRP or its designee full and unfettered access to all of Debtor's books and records whether such books and records are maintained by Debtor or its management company(s) on Debtor's behalf as soon as practicable but no later than June 24, 2011 at 5:00 p.m.;

    h.  within three business days of any request by CRP or its designee throughout the course of this Chapter 11 case, provide to CRP or its designee full and unfettered access to all of Debtor's books and records, including those books and records maintained by Debtor's management company(s) on Debtor's behalf;

    i.  cure all post-petition past due and future water and sewer charges on or before the date such charges become a lien on the Property;

    j.  maintain the Property free of all liens or other encumbrances that were not already perfected as such before the Petition Date;

    k.  file a Chapter 11 plan on or before September 8, 2011.

3.  In the event Debtor fails to perform one or more of the Conditions, CRP may serve and file on five (5) business days notice to the Debtor and its counsel by e-mail and regular mail a notice of presentment of an Order terminating the automatic stay with regard to its interest in the Property without further hearing and without regard to the stay imposed by Fed. R. Bankr. P. 4001(a)(3), together with a certification ("**Certification**") identifying the Condition(s) Debtor has failed to perform. Upon receipt of such notice and Certification, Debtor may cure or perform the identified Condition and file a sworn statement to the effect that such Condition has been cured or performed. If the Debtor does not timely contest the Certification or perform the

identified Condition, CRP may email to chambers the Certification, a representation that the Debtor has not timely cured the Condition(s) or contested the Certification, and a proposed order lifting the automatic stay as contemplated by this Order.

4. All adequate protection payments made hereunder shall be applied to CRP's allowed secured claim, subject to reallocation under 11 U.S.C. § 506.

5. The terms of this Order are without prejudice to the rights of CRP or its successor-in-interest to file supplemental papers in connection with breaches of any of the Conditions or any other deterioration of its interest in the Property.

6. A hearing is hereby set for July 19, 2011 at 10:00 a.m., whereupon the parties shall be heard with respect to status of the items set forth herein and any other matters germane to this order.

Dated: White Plains, New York
       June 20, 2011

                                                 /s/Robert D. Drain
                                                 Hon. Robert D. Drain
                                                 United States Bankruptcy Judge